UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 11-333-JBC

KIM SMITH,                                                                                              PLAINTIFF,

V.                       **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                       DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Smith's appeal of the Commissioner's denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  The court will grant Smith's motion, R. 15, and deny the Commissioner's motion, R. 16, because substantial evidence does not support the administrative decision.

At the date of his applications for DIB and SSI, Smith was a 42-year-old male with an eighth-grade education, which had involved special education classes, and work experience as a stick layer and stacker and sorter operator in a lumber yard.  AR 27-28, 43.  He alleged disability beginning October 2, 2008, due to a learning disability, arthritis, bulging discs, bad nerves, gout, leg numbness, and a thyroid condition.  AR 132.  He filed his applications on October 13, 2009, and after several administrative denials and appeals, Administrative Law Judge ("ALJ") Tommye C. Mangus determined that Smith was not disabled.  AR 9-17.  Under the traditional five-step analysis at 20 CFR § 404.1520; § 416.920, the ALJ found

1

that Smith had not engaged in substantial gainful activity since October 2, 2008, the alleged onset date; that he had severe impairments consisting of cervical and lumbar degenerative disc disease, depression, and anxiety; that his impairments, whether considered singly or in combination, did not meet or equal one of the Commissioner's Listings of Impairment; that he retained the residual functional capacity ("RFC") to perform a reduced range of "light" level work, including the ability to stand and walk for six hours in an eight-hour day and sit for six hours in an eight-hour day; and that, based on his RFC and the testimony of a vocational expert ("VE"), a significant number of unskilled jobs existed in the economy which Smith could perform.  AR 11-16.  The ALJ thus denied Smith's claim for disability on January 14, 2011.  AR 17.  The Appeals Council declined to review, AR 1-3, and this action followed.

Smith's sole issue on review is that the ALJ erred in not giving controlling weight to the restrictions provided by his treating family physician, Dr. Robert Hoskins.  Because of the deference due to the opinion of a treating physician, and the ALJ's misstatement of his physical examination findings, a remand will be required for further consideration of the evidence.

Dr. Hoskins or other physicians and nurses in his office treated Smith as early as May 2008 for complaints of neck and back pain with radiation down the left leg, following a motor vehicle accident.  AR 258.[1]  Objective studies were obtained including x-rays and MRIs of the lumbosacral, thoracic, and cervical

---

[1] The Commissioner concedes that Hoskins is a treating source. R. 16 at 9.

spines.  AR 204, 281-83, 298, 392, 394.  The most recent MRI of the lumbosacral spine, dated March 10, 2010, showed protrusions at several levels with mild to moderate foraminal narrowing.  An MRI of the cervical spine the same day showed protrusions and spurring, but only mild narrowing.  AR 394.  Smith received physical therapy and medication for pain relief.  AR 380, 578-79, 587-93.

Dr. Hoskins opined as early as September 23, 2008, that Smith, in addition to refraining from heavy lifting, pushing, pulling, and carrying and repetitive twisting and stooping, should avoid continuous sitting or standing for more than two hours.  AR 260.

Dr. Omar Chavez conducted a consultative physical examination at the request of the state agency on January 21, 2010.  He did not have any objective studies to review.  Dr. Chavez noted Smith's complaints of cervical, thoracic, and lumbar pain, with radiation to the legs, worsening with bending or lifting and alleviating with rest.  AR 301.  His examination showed that Smith had normal muscle strength and sensation, a normal gait and tandem walk, and was able to walk on his heels and toes and hop.  However, there was a severe limitation on the range of motion of his shoulders, and a moderate limitation on the range of motion of his lumbosacral spine.  AR 303.  Dr. Chavez did not list any specific functional restrictions, but a non-examining state agency "single decision maker," Yolande Tingle, who was not a medical professional, reviewed the evidence on May 27, 2010 and concluded that Smith could perform light level exertion with limited pushing and pulling in his upper and lower extremities, in addition to having other

3

postural limitations and a need to avoid concentrated exposure to temperature extremes, wetness, humidity, noise, vibration, and hazards.  AR 373-78.  She indicated that Smith was capable of both standing and walking six hours and sitting six hours in an eight-hour day with normal breaks.  A non-examining state agency physician, Dr. David Swan, affirmed Tingle's opinion on May 27, 2010.  AR 569-75.

   The ALJ gave great weight to the opinions of the state agency reviewers and adopted their findings in her RFC. She rejected the subsequent opinion given by Dr. Hoskins, whose functional capacity examination was conducted on August 30, 2010.  Dr. Hoskins did have Smith's numerous objective studies available for review.  AR 628.  Among other findings, including slight enlargement and swelling of the finger joints and stiffness in flexion and extension, and decreased range of motion of the shoulders, Dr. Hoskins found that Smith was tender to palpation in the lumbar, thoracic, and cervical areas, and that he moved stiffly.  AR 629.  Forward flexion was limited to 60 degrees.  His gait was normal, as was Romberg testing, but his tandem walk, heel walk, and toe walk were unsteady. *Id.*

    In terms of specific functional limitations, Dr. Hoskins opined that Smith could "rarely" lift 20 to 30 pounds and lift less than 10 pounds for more than half a day.  He limited standing and walking to less than four hours in an eight-hour day (20 to 30 minutes without interruption) and sitting to five hours a day (30 to 40 minutes without interruption). Smith could never balance, could occasionally climb, could rarely stoop, crouch, kneel, or crawl, had restrictions on reaching, handling,

pushing, and pulling, and had limitations on working around heights, moving machinery, temperature extremes, and vibration. AR 631-33. Dr. Hoskins gave a narrative rationale for his restrictions, noting that they were supported by his objective findings in the office examination and by the MRI reports. AR 630. When the VE was provided with these restrictions, he testified that there would be no jobs Smith could perform. AR 45.

The Commissioner's regulations provide that the opinion of a treating physician such as Dr. Hoskins must be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2). If the ALJ does not give controlling weight to the treating physician, he or she is still required to determine how much weight is appropriate for the opinion by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating source. *Id., quoted in Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

The ALJ's decision falls short of the regulatory standards. As previously noted, she gave great weight to the opinions of the non-examining state agency sources. However, as the Commissioner concedes, one of the state agency sources, Yolande Tingle, was not a physician, AR 378, and thus not an acceptable medical source under the applicable regulations. 20 CFR § 404.1513; § 416.913.

Under certain circumstances, such as when a source who is not an "acceptable medical source" has seen the claimant more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion, the non-acceptable source may be given greater weight than a treating source. Social Security Ruling ("SSR") 96-6p at *5. Such is not the case here.

The other reviewer, David Swan, was a physician, but in addition to never examining Smith, he simply affirmed Tingle's limitations without giving a detailed rationale. AR 575. Neither source had the opportunity to review or comment on Dr. Hoskins's restrictions, an important factor in the weight given to their opinions. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 245 n. 4 (6th Cir. 2007). Tingle, the non-medical reviewer, made a passing reference to earlier MRI results, AR 372, but her opinion was dated February 20, 2010, before the most recent MRIs of March 10, 2010. Dr. Swan's opinion was completed by May 27, 2010, but it is not clear what evidence he had available for review. He merely commented that "updated MER" (medical evidence of record) supported Tingle's earlier opinion. AR 569. Therefore, the only medical professional who clearly had access to all of the evidence was Dr. Hoskins, the treating source.

The ALJ's rationale for giving Dr. Hoskins's restrictions little weight was that they were not supported by the objective findings, including the MRI results and the physical examination findings of Dr. Chavez and Dr. Hoskins himself. AR 14. She mistakenly asserted that Dr. Hoskins found a normal ability to tandem, heel, and toe walk. *Id.* She did not discuss Dr. Hoskins's narrative justification for his

6

restrictions.  The treating source stated, for instance, that the MRI results showing disc protrusion and bulging and especially bilateral foraminal broad-based protrusion at L4-L5, along with "the observation of specialized gaits such as tandem walk, heel walk, and toe walks which were difficult and unsteady," would be substantial evidence of the limitations he placed on standing and walking. AR 630. These factors would also cause the limits on heights, vibration, jarring, and working around moving machinery.  Smith would be at a substantial risk of a fall due to his unsteadiness, and along with the MRI evidence, this would "argue against stooping, crouching, kneeling, and crawling." *Id.* Stiffness and soreness in his hands and shoulders would cause limitations in pushing and pulling. *Id.* Other than stating that Dr. Hoskins's opinion was inconsistent with the record as a whole, the ALJ did not conduct the weighing process set out in 20 C.F.R. § 404.1527(d)(2).

Thus, the ALJ not only erred in failing to provide a clear basis for discounting the opinion of Dr. Hoskins, she also misstated some of his findings.  This falls short of the *Wilson* requirement of giving "good reasons" for failing to credit the treating source.  Part of the rationale for the reason-giving requirement is that a claimant might be "especially bewildered" to find that he has been found not to be disabled when he knows his treating physician declared that he was disabled.  *Wilson*, 378 F.3d at 544, citing *Snell v. Apfel*, 177 F.3d 128, 134 (2nd Cir. 1999).  "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence.  It is absolutely essential for meaningful appellate review."  *Hurst v. Sec'y of Health and Human Servs.,* 753 F.2d 517, 519 (6th Cir.

1985).

However, even if substantial evidence does not support the Commissioner's decision, a court may reverse the decision and award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health and Human Servs.,* 17 F.3d 171, 173 (6th Cir. 1994). Because this is a case where further analysis of the medical opinions is needed and the evidence of disability is not "overwhelming," *see Mowery v. Heckler,* 771 F.2d 966, 973 (6th Cir. 1985), an award of benefits is not appropriate at this point. Accordingly,

**IT IS ORDERED** that Smith's motion for summary judgment, R. 15, is **GRANTED IN PART** and **DENIED IN PART**. The case is **REMANDED** to the Social Security Administration for further proceedings.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 16, is **DENIED**.

The court will enter a separate judgment.

Signed on July 26, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY