UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LONDON

CIVIL ACTION NO. 11-333-JBC

KIM SMITH,                                                                                          PLAINTIFF,

V.                         MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                    DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of plaintiff's counsel for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. R. 19. The court, having reviewed the record and being duly advised, will grant the motion in part and deny it in part.

The motion requests a fee of $2,400.00, representing 16 hours of attorney time at a rate of $150.00 per hour. The defendant does not dispute that the plaintiff was the prevailing party, that the application was timely, that the position of the government was not substantially justified, and that no special circumstances make the award unjust. The Commissioner does object to the requested hourly rate as being excessive, and requests that any fee granted be made payable to the plaintiff, and not to counsel.

I.

"[A]ttorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such

1

as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412.  In determining the hourly rate, the court must first determine the market rate for similar legal services performed by lawyers of comparable skill, experience, and reputation.  If the market rate exceeds the EAJA rate, the court may, in its discretion, allow counsel to charge a higher hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992).  The prevailing market rate in the Eastern District of Kentucky is $125.00 per hour.  *See Stamper v. Barnhart*, No. 5:03-cv-468-JBC (E.D. Ky., September 16, 2004).  To the extent that counsel seeks to collect for a higher hourly rate, he has the burden of justifying the request. *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

Counsel for the plaintiff has not provided any explanation for the requested increase in the prevailing market rate.  Since no showing regarding an increase in the cost of living or the limited availability of attorneys has been made, the court will award fees at the statutory $125.00 rate.

**II.**

The motion refers both to "plaintiff's counsel" moving the court for an award of an attorney fee, and to "[p]laintiff request[ing] approval of a fee."  R. 19 at *1.  To the extent that the motion is requesting that the fee be paid to Smith's counsel, the court notes, consistent with its prior decisions, that an award of an EAJA fee belongs to a plaintiff in an action, not to the plaintiff's attorney. *Astrue v. Ratliff*, _____ U.S. \_\_\_\_\_, 130 S.Ct. 2521, 2525 (2010).  Therefore, while the court will award attorney's fees pursuant to the EAJA in the amount of $2,000.00 (16 hours

x $125.00 per hour), the fees are to be made payable to Smith, not his counsel, and are subject to a government offset to satisfy any pre-existing debt that Smith may owe to the United States.  Accordingly,

**IT IS ORDERED** that the plaintiff's motion for fees (R. 19) is **GRANTED IN PART** and **DENIED IN PART**.  The defendant shall pay the plaintiff's attorney's fees of $2,000.00.


Signed on September 17, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY